IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| **VIRGINIA BRANDS, LLC** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No.: 4:10CV00009 |
| | ) | |
| v. | ) | |
| | ) | |
| **KINGSTON TOBACCO COMPANY, INC.** | ) | By: Hon. Robert S. Ballou |
| | ) | United States Magistrate Judge |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are several motions filed by Plaintiff Virginia Brands, LLC ("Virginia Brands") for sanctions against Joseph Nanney, Esq., Amanda Heath,[1] Randy Riggs, Rodney Riggs, and Kenneth Scott seeking $78,093.80 in attorney fees and costs for the alleged failure of these individuals to comply with Virginia Brands's discovery in aid of its judgment. (Dkt. Nos. 101, 102, 123). Having considered fully the pleadings filed, the argument of counsel at the hearing held on February 21, 2013, and the applicable law, I **DENY** the motions for sanctions.

Procedural History

The genesis of the motions presently before the Court relates to the efforts of Virginia Brands to collect on the $5,257,644.92 judgment it obtained in this Court against Kingston Tobacco Company, Inc. ("Kingston Tobacco") on December 13, 2010 (Dkt. No. 95). In attempting to collect on its judgment and to discover the identity of assets which may satisfy the judgment, Virginia Brands filed a notice along with a summons requiring Kingston Tobacco to

---

[1] Heath now goes by her maiden name. For the purposes of this Order, I refer to her by the name used by the parties' in their pleadings.

1

appear and answer debtor's interrogatories before this Court on July 25, 2012.  (Dkt. Nos. 98 and 99).  The notice of the debtor's interrogatories invoked Fed. R. Civ. P. 69 to require Kingston Tobacco to designate one or more officers, directors, representatives or other persons to testify on its behalf.  Attached to the notice was a request to produce certain documents and also a summons to answer interrogatories.  The events of the debtor's interrogatories are the basis of the motions for sanctions against Kingston Tobacco's attorney, its designated representative, and its corporate officers and directors.

     Virginia Brands filed through this Court's electronic filing system a "Summons to Answer Interrogatories" using a form commonly used in the Virginia General District Courts for summonsing debtors to answer oral interrogatories in collection proceedings (Dkt. Nos. 98, 100).  The face of this form indicates the issuing court, the date and time for the scheduled interrogatories, and the person or entity summonsed to appear.  The form further reserves a spot for the clerk to issue a writ of fieri facias, which is the common law writ of execution directing the sheriff to levy against the property of a judgment debtor.  The back of the form designates the manner of service on the debtor defendant or the person summonsed to answer the interrogatories.

     Virginia Brands addressed the summonses to answer debtor's interrogatories and the notices filed on the electronic docket to Kingston Tobacco and directed service of these pleadings upon Randy Riggs, the President and registered agent for Kingston Tobacco, Rodney D. Riggs, the Vice President, and Kenneth T. Scott, the Secretary.[2]  Virginia Brands arranged for the Kingston Tobacco's attorney to accept service of these pleadings.  Virginia Brands did not request the Clerk of this Court or any court to issue a writ of fieri facias or other writ of execution.  Likewise, Virginia Brands did not ask the Clerk to prepare a summons or other form

---

[2] These individuals also serve as Kingston's directors and are its only shareholders.

of process to serve the notice of debtor's interrogatories or document requests upon the registered agent or officers of Kingston Tobacco.

Kingston Tobacco agrees that its corporate attorney voluntarily accepted the notice and summons to answer debtor's interrogatories. Transcript of July 25, 2012 hearing (hereinafter "Hr'g Tr.") at 7:18-8:1. The notice which Virginia Brands filed pursuant to Fed. R. Civ. P. 69 required Kingston Tobacco to designate one or more individuals to answer questions on thirty-three separately designated areas and produce document described in thirty different requests. To that end, Kingston Tobacco tasked Amanda Heath, the corporation's bookkeeper, to answer the interrogatories and to produce the requested documents. Heath appeared at the debtor's interrogatories along with Joseph Nanney, Kingston Tobacco's attorney. Randy Riggs, Rodney Riggs, and Kenneth Scott did not attend the hearing.

Heath, acting on behalf of Kingston Tobacco, did not produce certain requested documents and Nanney instructed Heath not to answer some of the questions posed by counsel for Virginia Brands, claiming that the information sought was either privileged attorney-client information or constituted protected attorney work product. At the conclusion of almost six hours of testimony, counsel for Virginia Brands made clear his intent to pierce the corporate veil of Kingston Tobacco and hold Randy Riggs, Rodney Riggs and Kenneth Scott individually liable for the corporate debt of Kingston Tobacco. Hr'g Tr. 207:1-2; 211:14-19; 227:4-5. Virginia Brands further asked the Court to place Ms. Heath in custody pursuant to Va. Code § 8.01-508 to compel the production of the withheld documents and answers to the questions Nanney directed her not to answer. Hr'g Tr. 200:17-21; 211:8. I took under advisement the issue of whether this Court should impose sanctions against Joseph Nanney, Amanda Heath, Randy Riggs, Rodney Riggs, and Kenneth Scott. Hr'g Tr. 240:15-21. I further instructed Mr. Nanney to file a

memorandum of law with the Court explaining the claims of privilege he made during the hearing. Hr'g Tr. 198:24-199:5.

Kingston Tobacco filed a Chapter 7 bankruptcy petition on July 31, 2012 in the Eastern District of North Carolina, and on September 11, 2012, Kingston Tobacco removed this action to the bankruptcy court. (Dkt. No. 108). Virginia Brands filed its motions for sanctions on August 29, 2012, [3] and an amended motion for sanctions on February 4, 2013. These motions do not seek any relief against Kingston Tobacco.

The parties engaged in extensive proceedings in the bankruptcy court. Kingston Tobacco appeared for a hearing before all creditors to answer questions about its bankruptcy estate and its individual officers and directors submitted to depositions. The bankruptcy court eventually determined that Kingston Tobacco had improperly removed this action, and remanded the case to this Court. The bankruptcy court's remand order made clear that all proceedings against Kingston Tobacco remained stayed pursuant to 11 U.S.C. § 362, but that the automatic stay did not apply to the individuals before the court to determine the sanctions motions. (Dkt. No. 120-3).

## Jurisdiction

As a threshold matter, it is important to point out that each of the individuals are properly before the Court for the consideration of sanctions, and to describe the authority of this Court to consider sanctions against the individuals for any failure in the collection and discovery proceedings initiated by Virginia Brands.

---

[3] Virginia Brands also filed a motion to pierce the corporate veil as to Kingston Tobacco and to hold the individual officers of the corporate debtor liable for the judgment debt. (Dkt. No. 104). The bankruptcy court has determined that the trustee in the bankruptcy proceedings has the "full authority to determine whether he has grounds to bring an alter ego claim against the Individuals" and thus, the automatic stay remains in effect as to the motion of Virginia Brands to pierce the corporate veil to hold the individual officers or directors liable for the corporate debt of Kingston Tobacco. (Dtk. 120). This Court will consider only the Plaintiff's request for sanctions against the individuals and not any other relief requested by Plaintiff.

Amanda Heath appeared as the corporate representative of Kingston Tobacco to respond to the debtor's interrogatories and to produce the documents sought through the notice served by Virginia Brands. Heath is properly before the court and subject to the imposition of sanctions for any failure to answer discovery. Likewise, the Court has permitted Joseph Nanney to participate in this action *pro hac vice* (Dkt. No. 9), and thus he is subject to the discipline of this Court pursuant to Local Rule 6.

The individual corporate officers and directors, Randy Riggs, Rodney Riggs and Kenneth Scott, are properly before the court for consideration of the sanctions motions. These individuals voluntarily appeared before the Court at the hearing on February 21, 2013 and adopted the previous response filed by Kingston Tobacco.[4] By consenting to the jurisdiction of the Court to address the sanctions issue, Randy and Rodney Riggs and Kenneth Scott have not agreed, however, that the notice and summons for debtors interrogatories served upon them as corporate officers required them individually to appear for the debtors interrogatories on July 25, 2012.

Rule 69 governs the execution of the judgments in federal court. Unless otherwise directed by a federal statute, proceedings supplementary to and in aid of a judgment, that is, for execution of a judgment, must accord with the procedure of the state where the court is located. Fed. R. Civ. P. 69(a)(1). As to post-judgment discovery, however, a judgment debtor may conduct discovery against any person as provided by either the federal rules or the procedure permitted in the state where the court is located. Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person— including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."). Rule 69 entitles a judgment creditor to utilize the full panoply of federal

---

[4] Kingston Tobacco, by its counsel, withdrew its response to the sanctions motions (Dkt. No. 125), which the individuals, Amanda Heath, Joseph Nanney, Rodney and Randy Riggs and Kenneth Scott adopted as their own.

discovery measures. Mid-State Sur. Corp. v. Thrasher Eng'g, Inc., 2:04-CV-00813, 2007 WL 4510304, at *2 (S.D.W. Va. Dec. 18, 2007) (citing Magnaleasing, Inc. v. Staten Island Mall, 76 F.R.D. 559, 561 n.1 (S.D.N.Y. 1977)). A court has the authority under Rule 37 to impose sanctions for failing to comply with appropriate discovery requests made in aid of the judgment or execution of the judgment. See e.g., City of New York v. Venkataram, 06 CIV. 6578 NRB, 2012 WL 2921876, at *2 (S.D.N.Y. July 18, 2012) Mayer Bros. Const. Co., Inc. v. Dinsick Equip. Corp., CA 11-14, 2012 WL 691604, at *1-2 (W.D. Pa. Mar. 2, 2012); Laborers Local Union 158 v. Fred Shaffer Concrete, No. 1:10-cv-01524, 2012 WL 382954, *1 (M.D. Pa. Feb. 6, 2012). This Court, therefore, has authority under the Federal Rules to issue sanctions and, in post-judgment discovery, that authority may be supplemented by Virginia procedure.

Virginia Brands titles its motions as a request for sanctions, but the authority it cites in support of its claims relates more to the contempt power of the court. For example, Virginia Brands relies upon Chambers v. NASCO, Inc., 501 U.S. 32 (1991), which relates to the inherent power of the court to sanction a party not only for conduct during the course of the legal action, such as in discovery and relating to pleadings filed, but also away from the court in a bad faith attempt to frustrate the jurisdiction of the court. Likewise, Virginia Brands cites the criminal contempt power of the court.[5] The conduct at issue here is whether Kingston Tobacco's attorney and corporate representative properly complied with the discovery requests in the Notice and Summons to Answer Interrogatories, whether the corporate officers and directors were required to appear and be deposed, and whether these individuals shielded Kingston Tobacco's assets from discovery. These are actions which relate to the discovery conducted under the Federal Rules of Civil Procedure and associated state rules. Thus, the Court construes

---

[5] It should be noted that magistrate judges do not have the same contempt authority as Article III judges. For example, a magistrate judge's criminal contempt power is generally limited to contempt committed in the magistrate judge's presence. See generally 28 U.S.C. § 636(e).

the motions of Virginia Brands as a request for sanctions under Rule 37 rather than a motion for contempt.[6]

### Analysis

Virginia Brands asserts that it has properly utilized the procedure set out in the Virginia Code for post-judgment discovery and execution. Rule 69(a)(2) permits post-judgment discovery to proceed through either the Federal Rules of Civil Procedure, the rules or procedure of the state where the court is located, or by an amalgamation of the two. See GMAC Real Estate, LLC v. Joseph Carl Sec., Inc., CV 10-192-PHX-JAT, 2010 WL 432318 (D. Ariz. Feb. 3, 2010) ("To assist in determining a judgment debtor's assets, judgment creditors may obtain discovery *both* as permitted by the Federal Rules and by the procedural rules of the state where the federal court is located." (emphasis added)).

The Virginia procedure to conduct what are commonly referred to as debtor's interrogatories requires first that the clerk issue a writ of fieri facias pursuant to Va. Code § 8.01-466. A writ of fieri facias is a prerequisite for the issuance a valid summons for debtor's interrogatories under Virginia law. 2011 Op. Va. Att'y Gen. 75, 2011 WL 478294 (Feb. 4, 2011). Thereafter, the judgment creditor may proceed by way of debtors interrogatories under § 8.01-506 and have the clerk from the court which issued the writ of fieri facias issue a summons to the judgment debtor to appear and answer interrogatories.

Virginia Brands asserts that it obtained a valid writ of fieri facias prior to the July hearing. The summonses issued, however, are not signed by the Clerk of this or any other court

---

[6] A magistrate judge does have authority to impose sanctions under Rule 37 as it is a nondispostive motion. Kebe ex rel. K.J. v. Brown, 91 F. App'x 823, 827 (4th Cir. 2004) (per curiam) (holding that a Rule 37 sanctions motion is undoubtedly a nondispositive motion); Bowers v. Univ. of Virginia, CIV. A. 3:06CV00041, 2008 WL 2346033, at *3 (W.D. Va. June 6, 2008) (noting that a matter is nondispositive if it does not resolve the substantive claims for relief alleged in the pleadings (internal citations omitted)).

(Dkt. No. 98-1, 100-1).[7] Counsel for Virginia Brands argues that the mere automated process of generating a notice of electronic filing (NEF) means that the document filed on the court's electronic docket carries the imprimatur of the court. This is not the case. Even in the age of electronic docketing, signatures are required. Cf. 28 U.S.C. § 1691 ("All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof."). The Clerk does not "sign" a document by simply maintaining a system that permits an attorney to file it. The proper procedure would have been to submit the writ in the original or to file it electronically and request that it be issued by the Clerk. The Clerk would have then issued the writ of execution or writ of fieri facias and a summons for the debtor's interrogatories. See Va Code § 8.01-506(a) ("[U]pon the application of the execution creditor, the clerk of the court from which such fieri facias issued shall issue a summons."). Here, Virginia Brands never asked the court to issue a writ of fieri facias or other writ of execution and never asked that the court issue a summons for the debtor's interrogatroies. The Court finds, therefore, that no writ of execution has issued from the Clerk or been delivered to an officer authorized to execute such a writ. Consequently, Virginia Brands has not complied with the Virginia procedure for execution of a judgment. See Fed. R. Civ. P. 69(a).

The failure to obtain a writ of execution, however, does not prevent Virginia Brands from conducting discovery in aid of the judgment pursuant to Rule 69(b). A party may depose any person, including a party, and may compel the deponent's attendance by subpoena and require the production of documents Virginia Brands filed two documents in its effort to discover the assets of Kingston Tobacco—Notice of Debtor's Interrogatories and Summons to Answer Interrogatories. The Notice of Debtor's Interrogatories (Dkt. No. 100) is addressed to Kingston

---

[7] The summons forms also have an area labeled "Fi. Fa. issued on…" which are all blank. Fi Fa is a common abbreviation for fieri facias.

Tobacco, Inc. and further states that "counsel for Virginia Brands, LLC will proceed to take the answers from Kingston Tobacco Company, Inc." The Notice directs that "Kingston Tobacco shall designate one or more custodians of records, officers, directors, managing agents, representatives, or other persons who consent to testify on its behalf . . . ." Similarily, the Summons to Answer Interrogatories on the Virginia court form is directed to Kingston Tobacco, Inc. and not any particular individual. The state court summons refers to Randy Riggs, Kenneth Scott, and Rodney Riggs, only in their corporate capacities (registered agent, secretary, and vice president respectively) and only with respect to service of the summons. (Dkt. No.100-1). The Notice is functionally a Rule 30(b)(6) notice to depose the corporate debtor along with a Rule 34 document request.

     Counsel for Kingston Tobacco accepted service of the Notice on behalf of the corporation. Hr'g Tr. at 7:18-8:1.[8] In contrast, Counsel for Virginia Brands expressly acknowledged at the July hearing that he had *not* properly served the directors. Hr'g Tr at 9:4-11 ("So I need to physically serve them. I thought that they were properly served. I didn't know that Mr. Nanney, based on our conversations with Counsel—nothing off of Mr. Nanney. I mean I didn't know that he wasn't representing the individual directors, and I'd like to get those guys served and bring them before the Court for those interrogatories as well."). Thus, Randy Riggs, Rodney Riggs, and Kenneth Scott were properly before the Court in their corporate capacities. They had an obligation to comply with the notice and summons to as it pertained to Kingston Tobacco. The directors left to their attorney and bookkeeper to respond to this discovery, and there is nothing before the Court to suggest that they impeded the effort to discover the assets of Kingston Tobacco. Virginia Brands never attempted to obtain discovery from Randy Riggs, Rodney Riggs, and Kenneth Scott in their individual capacities. As these individuals were not

---

[8] Any Rule 45 deficiency is therefore waived as to the corporation.

were not subpoenaed to appear in their individual capacities, and never accepted service of any document requiring them to individually answer any discovery regarding this matter, their failure to appear at the debtor's interrogatories on July 25, 2012 does not warrant sanction. [9] I therefore deny the motions for sanctions as to Randy Riggs, Rodney Riggs, and Kenneth Scott. [10]

Virginia Brands has also moved for sanctions against Joseph Nanney, Esq. Virginia Brands seeks to sanction Nanney for (1) instructing Amanda Heath not to answer certain questions based on privilege claims, (2) failing to submit a written memorandum regarding these privilege claims as directed by the Court, and (3) failing to assure that Heath obtained and brought all necessary documents. Kingston Tobacco filed bankruptcy on July 31, 2012, and on August 1, 2012, Nanney sent a letter to the Court stating that due to the stay, he did not believe that the Court needed to further consider the assertions of privilege made at the July hearing (Dkt. No. 125-1, Exhibit 2). This conduct does not warrant any sanctions; Nanney is correct that any debt collection as to Kingston Tobacco will now proceed through the bankruptcy courts and that the privilege claims are therefore moot (at least in this Court). Kingston Tobacco removed these proceedings to the Bankruptcy Court (Dkt. No. 108, 120-1, 120-2, 120-3), not Nanney. Furthermore, Nanney did not instruct Amanda Health not to bring certain documents as Virginia

---

[9] On July 25, 2012, the Court stated that "as I understand, the agreement of the parties was that Mr. Hart was not required to serve this on Counsel and—serve it on Kingston[] [a]nd I appreciate the agreement to accept service, but that means that they've been properly served, and the individuals in the corporation have to comply as well." Hr'g Tr. at 240:22-241:4. This comment therefore should not be taken as a ruling that the corporate officers were properly served as individuals, merely an observation that they would have been obligated in their corporate capacity to have Kingston Tobacco comply with the discovery requests.

[10] Virginia Brands argues that had the individual directors attended the debtor's interrogatories, the Court could have either directed the transfer of certain real property on July 25, 2012 at the conclusion of the hearing or immediately pierced the corporate veil and impose a judgment on the individuals at that time. This argument is unavailing as Virginia Brands never obtained a writ of fieri facias. Furthermore, because piercing the corporate veil presents a new substantive theory to establish liability on a third party, the moving party must be able to assert an independent basis for jurisdiction over the controversy with the third party. Travelers Indem. Co. of Illinois v. Hash Mgmt., Inc., 173 F.R.D. 150, 153, 153 n.2 (M.D.N.C. 1997) (citing Peacock v. Thomas, 516 U.S. 349, 356-60 (1996)); see also Russian Media Group, LLC v. Echostar Communications Corp., 3:03-CV-1263WWE, 2009 WL 275833, at *5 (D. Conn. Feb. 4, 2009).

Brand asserts. He did communicate with her. Hr'g Tr. at 223:7-12. However, the substance of these communications was simply to "bring everything." Hr'g Tr. at 224:3-12. There is nothing in the record to support the claim that Nanney instructed Amanda Health not to produce any documents subject to the subpoena. I therefore deny the motions for sanctions as to Joseph Nanney, Esq.[11]

      Finally, Virginia Brands has moved for sanctions against Amanda Health. There is no dispute that Health failed to bring certain items. Specifically, she failed to bring (1) Kingston Tobacco's account books or customer lists as maintained on the company's QuickBooks software, Hr'g Tr. at 32:2-6, (2) its corporate minute books, Hr'g Tr. at 57:1-11, and (3) its tax returns. Hr'g Tr. at 117:1-3.[12] Counsel for Kingston Tobacco did not deny at the July 2012 hearing that Heath had made a mistake by not producing certain items. Hr'g Tr. at 213:15-10 ("When she was asked about the QuickBooks, she acknowledged four hours ago she made a mistake. She should have brought that information to the court, and she didn't do it. It's a mistake we've agreed to."); Hr'g. Tr. at 215:13-17 ("[As] to the minute book; her testimony was that eight months ago it disappeared. She thinks it may be in Mr. Riggs' safe, but she hasn't looked. Should she have asked Mr. Riggs? Probably so."). But Kingston Tobacco's counsel also pointed out that Heath *had* provided voluminous records and was willing to produce whatever was missing as expeditiously as possible. Hr'g. Tr. at 215:4-10 (We'll provide [the customer lists]. I mean we're not hiding anything Judge. There's a humongous list in Exhibit 1

---

[11] This finding is not to suggest that an attorney complies with his obligation to have a client comply fully with a Rule 30(b)(6) notice by simply instructing the witness to "bring everything." Here, however, as discussed in more detail as follows, there is no indication that any failure on Nanney's part to have all of the documents produced or the assertion of attorney client privilege frustrated Virginia Brand's efforts to collect on the judgment.

[12] Virginia Brands also asserts that Health failed to bring the cash Kingston held in its bank account. Even assuming Virginia Brands had obtained a valid writ of fieri facias such that a lien had attached to the property of Kingston upon the writ's execution, the lien would only have extended to property located within the bailiwick of the officer into whose hands the execution was paced to be executed. See Va. Code § 8.01-481. Thus, there would have been no lien levied upon Kingston's bank account located in North Carolina.

and 2. Miss Heath spent many, many hours trying to comply. She failed in the sense that she didn't give him everything that he wants, but to suggest that's contempt of this court is ridiculous."); Hr'g Tr. at 223:16-21 ("[T]o the extent there was any oversight in providing information we will gladly provide it. Any failure to comply completely with this request was an oversight. There's certainly no effort to hide anything. We brought everything we thought we had.").

Thus, the question before the Court is whether these failures on behalf of Ms. Health is conduct that warrants she be sanctioned as an individual. Virginia Brands certainly thinks so, as at the end of the July hearing it immediately requested this Court to place Health in the custody of the United States Marshalls Service pursuant to Va. Code § 8.01-508. Hr'g Tr. 200:17-21; see also Hr'g Tr. 211:8 ("Please put Miss Heath in jail . . . ."). Of course, without a properly executed writ of fieri facias, the Court had no power to place Health in jail pursuant to Virginia law. The Court still, however, possesses the authority to issue sanctions pursuant to Fed. R. Civ. P. 37(d)(3) for improper conduct in Rule 69 discovery.

Fed.R.Civ.P. 37(d)(3) does not permit an award of sanctions if the failure at issue was substantially justified or other circumstances make an award of expenses unjust. "This is in keeping with the purpose of Rule 37, which is to allow the district courts to punish deliberate noncompliance with the federal rules of discovery and to deter such conduct in the future." Melton ex rel. Dutton v. Carolina Power & Light Co., 4:11-CV-00270-RBH, 2012 WL 4322520, at *3 (D.S.C. Sept. 19, 2012) (citing Zornes v. Specialty Indus., Inc., No. 97–2337, 1998 WL 886997, at *9 (4th Cir. Dec.21, 1998)). The Court finds that an award of expenses against Heath would be unjust under the facts of this case. Heath answered all of questions posed by counsel for Virginia Brands regarding the financial affairs of Kingston Tobacco and its officers, save

those she was instructed not to by Kingston Tobacco's attorney. The Court finds that Heath's production on behalf of Kingston Tobacco was neither deliberately incomplete nor so inadequate as to demonstrate bad faith. Significantly, Heath agreed to take whatever additional steps necessary to provide Virginia Brands with the missing information. Hr'g. Tr. at 117:23-118:1 ("I will do everything I can to get you what you need . . . ."); Hr'g. Tr. at 118:23-119:1 ("I apologize for the shortcomings. I brought you what I had and thought that you wanted, but I can get you whatever else you need."); Hr'g. Tr. at 120:5 ("I can FedEx the corporate book to you."). The Court declines to make, to quote counsel for Virginia Brands, a "sacrificial lamb" out of Heath. Hr'g. Tr. at 205:1; 208:20.

Additionally, the measure of sanctions under Fed. R. Civ. P. 37(d)(3) is the reasonable expenses, including attorney's fees, of the aggrieved party caused by sanctioned party's failure to act. In this case, any additional costs imposed upon Virginia Brands by Health's failures were negligible, if any. Virginia Brands has submitted a truly astounding fee claim of $78,093.00 (Dkt. No. 123, Exhibit A-C). Counsel for Virginia Brands has submitted to the Court time sheets that include entries dating back to 2011. Many entries do not relate to the July hearing, but instead to issues related to the bankruptcy proceedings and effort to piercing Kingston Tobacco's corporate veil, which are issues that clearly would have existed no matter what information Virginia Brands received during the July hearing. When questioned at the February 21, 2013 hearing about the inclusion of these ancillary matters in Virginia Brands fee claim, Plaintiff's counsel essentially directed the Court to look through these extensive records and pluck out the entries it deemed relevant. This is an exercise in which the Court will not engage. Cf. UAW Local 540 v. Baretz, 159 F. Supp. 2d 954, 957 (E.D. Mich. 2000) ("A fee claimant bears the burden of providing the court with a particularized billing record . . . . The court is not required

to wade through voluminous time records in an attempt to rescue compensable time from a sea of non-compensable time." (internal citations omitted)).

Virginia Brands has failed to articulate any *additional* costs it faced as result of the incomplete production by Kingston Tobacco/Heath at the July hearing.  Virginia Brands has shown no additional steps it took to acquire the information that was not provided on July 25, 2012.  The bankruptcy stay mooted the issue of further Rule 69 discovery in aid of execution of the judgment.[13]  Virginia Brands would have found itself dealing with the bankruptcy process on July 31, 2012 regardless of the information it had received on July 25, 2012.  Counsel for Virginia Brands asserts that the delay in acquiring this information prevented it from *immediately* piercing the corporate veil and/or setting aside fraudulent transfers and executing judgment against the individual officers of Kingston Tobacco.  Even assuming the Court had the authority to simply enter judgment against the corporate officers on the day of the July hearing as counsel for Virginia Brands asserts, that claim is simply too speculative for the Court in its consideration of what additional costs Virginia Brands faced as a result of Kingston Tobacco's incomplete July production.

---

[13]Even if the bankruptcy had not occurred, Heath made clear she would have provided the missing information as soon as possible and at no expense to Virginia Brands. Hr'g. Tr. at 117:23-118:1; 118:23-119:1; 120:5. Nanney made similar representations. Hr'g. Tr. at 215:4; 223:16-17. Indeed, the Court ordered Kingston to deliver the missing documents to the office of Virginia Brands's counsel by August 3, 2012, Hr'g. Tr. at 240:6-10, which obviously would have been at Kingston's expense.

Counsel for Virginia Brands also made the claim at the February 21, 2013 hearing that Virginia Brands could have made itself a secured creditor before Kingston Tobacco's bankruptcy—but Virginia Brands was already a judgment creditor. Virginia Brands has pointed to no reasonably established expense it incurred because of the incomplete production by Kingston Tobacco/Heath on July 25, 2012. I therefore deny the motions for sanctions against Amanda Heath.

It is so Ordered.

Entered:  March 26, 2013

*/s/ Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge