IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| VIRGINIA BRANDS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:10-cv-00009 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| KINGSTON TOBACCO COMPANY, INC., | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Before me is Plaintiff Virginia Brands, LLC's Motion to Pierce the Corporate Veil. The parties fully briefed the issue and appeared before me on February 23, 2015, to argue their respective positions on the law. I have considered the arguments and evidence of the parties and, for the reasons stated below, I will deny the Motion.

### I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

On January 21, 2010, Plaintiff Virginia Brands, LLC ("Plaintiff") filed suit against Defendant Kingston Tobacco Company, Inc. ("Defendant") alleging breach of contract. On March 15, 2010, Defendant removed the action from Halifax Circuit Court to this Court. I held a bench trial on Plaintiff's claims on November 1–2, 2010, and entered judgment against Defendants in the amount of $5,257,644.92.

After the judgment was entered, Plaintiff undertook several steps to enforce the judgment, including propounding debtor's interrogatories on July 17, 2012. On July 31, 2012, Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of North Carolina. On August 29, 2012, Plaintiff filed the present Motion to Pierce the Corporate Veil ("the Motion"). [ECF No. 104.] In the Motion, Plaintiff sought to hold Defendant's officers Randy Riggs, Rodney Riggs, and Kenneth Scott

- 1 -

("the officers") personally liable for the judgment. Pursuant to 11 U.S.C. § 362, the filing of the Chapter 7 petition in the bankruptcy court served to stay any proceedings in this action, including the Motion.

On November 7, 2014, the trustee of the bankruptcy estate notified the bankruptcy court that the estate had been fully administered and requested that he be discharged from any further obligations. That motion was granted. Once the bankruptcy case was terminated, the automatic stay was lifted and this Court reasserted jurisdiction over the pending Motion.

## II. STANDARD OF REVIEW

"A decision to pierce the corporate veil should be made reluctantly and cautiously." 313 Freemason v. Freemason Assocs., Inc., 59 Va. Cir. 407, 2002 WL 31990272, at *3 (2002) (citing In re County Green L.P., 604 F.2d 289, 292 (4th Cir. 1979)). "The Virginia Supreme Court has stated that the determination of whether 'a corporation will be regarded as the adjunct, creature, instrumentality, device, stooge, or dummy of another corporation is usually held to be a question of fact in each case . . . and courts will disregard the separate legal identities of the corporation only when one is used to defeat public convenience, justify wrongs, protect fraud or crimes of others.'" Id. (quoting Lewis Trucking Corp. v. Commonwealth, 207 Va. 23, 31 (1966)). Considering Virginia law, the "Supreme Court of Virginia has not recognized a single set of facts necessary to pierce the corporate veil." Mid Atlantic Eng'g Tech. Servs., Inc. v. Miller Hardman Designs, LLC, 86 Va. Cir. 337, 2013 WL 8019593, at *1 (2013) (citing Dana v. 313 Freemason Condo. Ass'n, 266 Va. 491, 500 (2003). In considering such a claim, courts consider whether shareholders "controlled or used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage." Dana, 266 Va. at 500. "Piercing the corporate veil is also justified when 'the unity of interest and ownership is such that

- 2 -

Case 4:10-cv-00009-JLK-RSB   Document 139   Filed 03/02/15   Page 2 of 6   Pageid#: 1932

the separate personalities of the individuals no longer exist[,] and to adhere to that separateness would work an injustice.'" Mid Atlantic, 2013 WL 8019593, at *1 (quoting Dana, 266 Va. at 500). Factors to be considered include: the initial capitalization of the corporation; the observation of corporate formalities; the non-payment of dividends; the insolvency of the debtor corporation at the time; the siphoning of funds of the corporation by dominant shareholders; the non-function of other officers or directors; and whether the corporate structure is a sham. Id. (citing 313 Freemason, 2002 WL 31990272, at *3).

### III. DISCUSSION

Prior to Defendant Kingston Tobacco Company, Inc., filing for Chapter 7 bankruptcy, Plaintiff Virginia Brands LLC filed the present motion to pierce the corporate veil. Pursuant to 11 U.S.C. § 362, the act of filing a petition for bankruptcy served to stay these proceedings and, specifically, the present motion. Now that the final accounting and distribution of the bankruptcy estate has been approved by the Bankruptcy Court and the automatic stay has been lifted, it is appropriate for this Court to consider the Motion.

The Bankruptcy Code defines property of the bankruptcy estate broadly, and it includes "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (2014). "Courts look to state law to determine whether an interest belongs to the debtor." Alvarez v. Ward, Case No. 1:11-cv-03, 2011 WL 7025906, at * 3 (W.D.N.C. Oct. 27, 2011) (citing Steyr-Daimler-Puch of Am. Corp. v. Pappas, 852 F.2d 132, 136 (4th Cir. 1988)). As is relevant here, the issue of whether an alter ego claim or a claim to pierce the corporate veil is the property of the estate and therefore must be brought by the trustee is a question of state law. See Pappas, 852 F.2d at 136 (holding that, under Virginia law, only the

- 3 -

trustee may bring an alter ego claim); Holcomb v. Pilot Freight Carriers, Inc., 120 B.R. 35, 38, 41–42 (Bankr. M.D.N.C. 1990) (holding the same under North Carolina law).

Both Virginia and North Carolina law[1] hold that "a corporation has an interest in the assets of its alter ego, and, thus, an alter ego claim is the property of the estate of purposes of Section 541(a)(1)." Alvarez, 2011 WL 7025906, at * 3. In both states, the right to bring an action to pierce the corporate veil of a bankrupt corporation "becomes property of the bankruptcy estates over which the trustee has control . . . ." Pappas, 852 F.2d 135. "[A]lter ego claims . . . belong to the bankruptcy estate and must be prosecuted by the trustee." Alvarez, 2011 WL 7025906, at *3. Therefore Plaintiff's cannot maintain the present motion to pierce the corporate veil because the right to pursue such a claim does not lie with a debtor's creditors, but rather with the trustee of the estate.

Relevant Fourth Circuit precedent applying Virginia law states that, "before the debtor or a creditor may pursue a claim [to pierce the corporate veil], there must be a judicial determination that the trustee in bankruptcy has abandoned the claim. Without such a determination, a creditor seeking to pursue a claim cannot maintain it." Pappas, 852 F.2d at 136 (citing Teltronics Servs. v. Anaconda-Ericsson, Inc., 587 F. Supp. 724, 729 (E.D.N.Y. 1984)). In the present case, not only does Plaintiff lack the authority to prosecute an alter ego action, the trustee did not abandon the claim; in fact, he exercised his right to pursue the claim. As the trustee represented to the bankruptcy court, he asserted an action to pierce the corporate veil. (See Def.'s Resp. Ex. 1 ¶ 8.) After good-faith negotiations with the officers, the trustee entered into a settlement agreement in which Defendants' officers paid $90,000.00 into the bankruptcy

---

[1] The bankruptcy was conducted in North Carolina, but this action is pending in Virginia. Although it appears that Virginia law would govern this dispute, see, e.g., Alvarez, 2011 WL 7025906, at * 3 (applying North Carolina law following bankruptcy in Florida), the law of both states has been considered.

- 4 -

estate and the trustee released "Randy D. Riggs, Rodney D. Riggs, and Kenneth T. Scott" from any liability "based on an alter ego, piercing the corporate veil or similar theory . . . ." (Id. Ex. 1 Ex. A ¶ 2.) Thus, even if the right to pursue an action to pierce the corporate veil returned to Defendants' creditors at the conclusion of the bankruptcy proceedings, the trustee settled the action and it is therefore *res judicata*.

As an alternative argument, Plaintiff seeks permission to reverse pierce the corporate veil of several corporations (SIRS of N.C., LLC; L&K Tobacco; and Riggs Brothers Farms), and seeks to impose a constructive trust on the assets of the shareholders and their spouses. None of these parties is before the Court. They have not been served with notice of Plaintiff's proposed action, and have not had any opportunity to refute Plaintiff's allegations. Assuming without deciding that Plaintiff's requests are viable in the wake of the expansive release executed by the trustee, I will not permit the claim to go forward without adherence to the time-honored principles of due process, notice, and an opportunity to be heard. Cf. D. Klein & Son, Inc. v. Good Decision, Inc., 147 F. App'x 195, 196 (2nd Cir. 2005) (unpublished) (citing Volkwagenwerk AG v. Beech Aircraft Corp., 751 F.2d 117, 120–22 (2nd Cir. 1984)).

### IV. CONCLUSION

Under applicable law, the right to bring an action to pierce the corporate veil is the property of the estate in bankruptcy. Once a debtor initiates bankruptcy proceedings by filing a bankruptcy petition, only the trustee of the bankruptcy estate may prosecute an action to pierce the corporate veil. Therefore, in the present action, Plaintiff does not have the authority to proceed on its Motion. Moreover, the trustee of the applicable bankruptcy estate has released the shareholders from any liability under an alter ego claim or a claim to pierce the corporate veil.

- 5 -

Even if Plaintiff did have the authority to proceed, the shareholders have been released from liability by someone with the authority to do so.

The request to reverse pierce the corporate veil and/or impose a constructive trust are improper. The parties against whom Plaintiff wishes to proceed are not before the Court.

The Clerk is directed to forward this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 2nd day of March, 2015.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE